Not Intended for Print Publication

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| **ERIC ROBINSON**, | ) |
| Plaintiff, | ) Case No. 1:05CV00057 |
| v. | ) **OPINION AND ORDER** |
| **TRAMMELL HOTEL INVESTMENTS, LLC, ET AL.,** | ) By: James P. Jones <br> ) Chief United States District Judge |
| Defendants. | ) |

*Hilary K. Johnson, Hilary K. Johnson, P.C., Abingdon, Virginia, for Plaintiff; R. Lucas Hobbs, Elliott Lawson & Minor, P.C., Bristol, Virginia, for Defendants.*

In this employment discrimination case, the plaintiff, Eric Robinson, claims that he was discharged as an employee of the defendant Trammell Hotel Investments, LLC ("Trammell LLC") on account of his race, in violation of Title VII[1] and § 1981.[2] He has sued Trammell LLC, its owner and operator, Mack Trammell ("Trammell"), and its general manager, Desiree Keithan ("Keithan").

---

[1] Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. §§ 2000e to 2000e-17 (West 2003) ("Title VII").

[2] 42 U.S.C.A. § 1981 (West 2003).

The defendants have moved to dismiss, contending that the individual defendants are not liable under Title VII and that it is insufficiently alleged that Trammell actually participated in the firing so as to be liable under § 1981.

The plaintiff concedes that the individual defendants are not liable under Title VII and disclaims any cause of action against them under Title VII. As to the § 1981 claim, I find that under federal pleading rules, a sufficient claim is alleged against defendant Trammell. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (stating that "[t]his simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims").

Accordingly, it is **ORDERED** that the Motion to Dismiss is DENIED.

ENTER: September 16, 2005

/s/ JAMES P. JONES
Chief United States District Judge