# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| **ERIC ROBINSON**, ) | |
| ) | |
| Plaintiff, ) | Case No. 1:05CV00057 |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| **TRAMMELL HOTEL** ) | By: James P. Jones |
| **INVESTMENTS, LLC, ET AL.,** ) | Chief United States District Judge |
| ) | |
| Defendants. ) | |

*Hilary K. Johnson, Hilary K. Johnson, P.C., Abingdon, Virginia, for Plaintiff; R. Lucas Hobbs, Elliott Lawson & Minor, P.C., Bristol, Virginia, for Defendants.*

In this employment discrimination case, the plaintiff, Eric Robinson, claimed that he was discharged as an employee of the defendant Trammell Hotel Investments, LLC ("Trammell LLC") on account of his race, in violation of Title VII[1] and § 1981.[2] He sued Trammell LLC; its owner and operator, Mack Trammell; and its general manager, Desiree Keithan.

A jury trial was set to begin on March 16, 2006. Prior to trial, the defendants moved for summary judgment in their favor and oral argument on the motion was

---

[1] Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. §§ 2000e to 2000e-17 (West 2003).

[2] 42 U.S.C.A. § 1981 (West 2003).

conducted on March 8, 2006. At the conclusion of the hearing, the court granted summary judgment in favor of Mr. Trammell individually, but denied it as to the defendants Trammell LLC and Ms. Keithan. The court also decided certain pretrial motions in limine.

On the morning of trial, the parties announced that they had settled the case and that the jury would therefore not be needed. The court advised counsel that because a jury panel had been called specifically for the case and was present, it intended to tax the costs of the jury equally to each side. The court received oral argument from the parties on the issue and this Opinion and Order sets forth the court's ruling.

A federal district court has inherent power to assess jury costs. *See Sally Beauty Co. v. Beautyco, Inc.*, 372 F.3d 1186, 1189 (10th Cir. 2004). In the present case the parties did not begin serious settlement negotiations until the day before trial and thus were not able to conclude those negotiations until after the close of the business day.[3] The parties knew of the court's substantive legal rulings over a week before trial and they have no real excuse for their failure to reach settlement in time to stop the jury panel from appearing. While settlement of litigation is to be encouraged, "much of the benefit of settlements to the judicial system is lost when the

---

[3] Defense counsel sent an e-mail to the court advising of the settlement at 7:21 p.m. on the day before trial.

court is obligated to require the attendance of jurors at the opening of a trial of an already settled matter." *Id.* at 1190.

The cost of per diem and mileage for the jury panel in this case is $1,561.32. For the reasons stated, it is **ORDERED** that the clerk tax as costs in this case one-half of that amount against the plaintiff Eric Robinson and one-half of that amount against the defendants Trammell Hotel Investments, LLC, and Desiree Keithan, jointly and severally. Those amounts must be paid to the clerk by the respective parties within 10 days.

        ENTER: March 16, 2006

        /s/ JAMES P. JONES
        Chief United States District Judge